UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KERI LYNN CURTISS,**

    **Plaintiff,**

v.                                                                               **Case No. 8:23-cv-1115-AAS**

**MARTIN O'MALLEY,**
**Commissioner of the Social**
**Security Administration,**[1]

    **Defendant.**
_____/

## ORDER

Keri Lynn Curtiss, proceeding *pro se*, requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda submitted by the parties, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Ms. Curtiss first applied for SSI benefits on August 22, 2016, and after a

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.

hearing (Tr. 41–51), the ALJ issued a decision on August 27, 2018, finding Ms. Curtiss not disabled (Tr. 52–61). After the Appeals Council denied Ms. Curtiss's request for review (Tr. 68–72), Ms. Curtiss requested judicial review and on July 7, 2020, the court affirmed the Commissioner's decision that Ms. Curtiss was not disabled (Tr. 73–83).

Ms. Curtiss filed this SSI application on October 1, 2020. (Tr. 84, 168–74). After a hearing (Tr. 556–72), the ALJ issued a decision on October 17, 2022, finding Ms. Curtiss not disabled (Tr. 7–19). The Appeals Council denied Ms. Curtiss's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1–6). Ms. Curtiss now requests judicial review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Curtiss was forty-four years old on the date of the ALJ's 2022 decision. (Tr. 7, 168, 561). Ms. Curtiss has a GED and no relevant work experience. (Tr. 204, 221–28, 562–63). Ms. Curtiss alleges disability based on drug dependency, mental illness, and head injury. (Tr. 203)

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[2]

---

[2] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R § 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she does not have a severe impairment and is not disabled. 20 C.F.R § 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R § 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from performing past relevant work, she is not disabled. 20 C.F.R § 416.920(e). At this fourth step, the ALJ determines the claimant's Residual Functional Capacity (RFC).[4] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, she is not disabled. 20 C.F.R § 416.920(g).

The ALJ here determined Ms. Curtiss has not engaged in substantial

---

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R § 416.910.

[4] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R § 416.945(a).

3

gainful activity since October 1, 2020, her SSI application date. (Tr. 12). At step two, the ALJ found Ms. Curtiss has severe impairments of traumatic brain injury and headaches. (*Id.*). However, the ALJ found Ms. Curtiss's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (*Id.*). The ALJ then found Ms. Curtiss has the RFC to perform a full range of light work.[5] (Tr. 15).

At step four, the ALJ found Ms. Curtiss had no past relevant work. (Tr. 18). At step five, the ALJ used the Medical-Vocational Guidelines to find Ms. Curtiss could perform jobs that existed in significant numbers in the national economy. (Tr. 19). The ALJ therefore concluded Ms. Curtiss had not been under a disability, as defined in the Security Act, since October 1, 2020, her SSI application date. (*Id.*)

## III.   ANALYSIS

### A.   Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(6).

his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

B.   **Issue on Appeal**

Ms. Curtiss appears *pro se*. The court liberally construes briefs filed by

*pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). However, the court may not serve as de facto counsel for a *pro se* party. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) ("[E]ven in the case of pro se litigants [the general rule of] leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (citation omitted)); *see also Gamble v. Saul*, No. 8:20-cv-428-T-27CPT, 2020 WL 1557681, at *2 (M.D. Fla. Mar. 12, 2020). The court therefore addresses only arguments that can reasonably be said to have been raised in Ms. Curtiss's briefing.[6]

Ms. Curtiss argues the ALJ's RFC assessment and conclusion that Ms. Curtiss is not disabled is not supported by substantial evidence. (Docs. 8, 16). In response, the Commissioner contends the record provides substantial evidence to support the ALJ's RFC assessment, and the ALJ's appropriately considered those records in reaching his findings conclusion Ms. Curtiss was not disabled. (Docs. 12, 13).[7]

---

[6] *See Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019) ("For an issue to be adequately raised in the opening brief, it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority."); *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (holding because the claimant failed to explicitly challenge certain findings by ALJ, he had "effectively abandoned any challenge" to ALJ's findings).

[7] It appears the Commissioner twice responded to Ms. Curtiss's memoranda, with the identical second filing containing an attachment with the plaintiff's memoranda. (*See* Docs. 12, 13).

The relevant period here is from October 2020, the month that Ms. Curtiss applied for SSI, through October 17, 2022, the date of the ALJ's decision. *See* 20 C.F.R. §§ 416.330, 416.335, 416.501.[8] The ALJ and the court focus on records during the relevant period. Ms. Curtiss argues she was disabled because of a head injury or head injuries that occurred in 2006 or 2007, but these records are not within the relevant period.

The medical records from the relevant period do not establish Ms. Curtiss's condition was of disabling severity. (*See* Tr. 309–19, 451–52, 478–80, 485–96, 507–19, 528–41, 543–46, 548–53). Although Ms. Curtiss was diagnosed with various conditions, diagnoses do not establish work limitations. (*See* Tr. 312–13, 486–87, 494–95, 549–52). Diagnostic studies and testing also did not reveal abnormalities. (*See* Tr. 451–52, 478–80, 487, 489–91, 531, 541). Raymond McLane, M.D., performed a physical examination of Ms. Curtiss in July 2021 and found no abnormalities or limitations. (*See* Tr. 548–53). Ms. Curtiss's physical examination findings were unremarkable, revealing normal cardiovascular, musculoskeletal, and neurological findings.

Ms. Curtiss also alleges her mental illness and drug dependency cause her disability. (Doc. 8, pp. 3, 4, 5). Although Ms. Curtiss's diagnoses include substance abuse disorder, the Social Security Act precludes a finding of

---

[8] All references to the Code of Federal Regulations are to the 2022 edition, which was in effect at the time of the ALJ's decision.

disability if drug or alcohol abuse would be a contributing factor material to a determination that the claimant is disabled. *See* 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 416.935. In addition, Ms. Curtiss did not challenge the ALJ's finding that Ms. Curtiss's medically determinable mental impairments of depression, anxiety, bipolar disorder, and history of drug and alcohol abuse, considered singly and in combination, did not cause more than minimal limitation in her ability to perform basic mental work activities. (Tr. 13–14). The evidence related to Ms. Curtiss's mental condition, including her activities and the objective mental findings, provide substantial evidence to support the ALJ's finding Ms. Curtiss did not have a severe mental impairment that required additional RFC limitations beyond those included in the definition of light work. (*See* Tr. 13–14, 17).

The ALJ considered the unremarkable medical findings of Jeremy Zehr, Psy.D., who performed a consultative psychological examination of Ms. Curtiss in July 2021. (Tr. 13–14, 213–20, 487, 495, 545, 549). Although Ms. Curtiss displayed abnormalities while observed by a mental health provider in January and February 2021, those findings do not establish Ms. Curtiss had work related mental limitations for any consecutive twelve-month period. (Tr. 13–14, 507–19); *See* 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii); *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of these impairments does not reveal the extent to which they limit her ability to work

8

or undermine the ALJ's determination in that regard.").

Under the substantial evidence standard of review, Ms. Curtiss "must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). "Even if the evidence preponderates against the Commissioner's findings, the court must affirm if the decision reached is supported by substantial evidence." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (internal quotation marks omitted). A court may not reweigh the evidence or substitute its judgment for that of the ALJ. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The record provides substantial evidence to support the ALJ's RFC assessment, and Ms. Curtiss failed to prove she had additional limitations beyond those identified in the definition of light work. Thus, substantial evidence supports the ALJ's RFC findings and conclusion that Ms. Curtiss was not disabled as defined in the Social Security Act.

## IV.   CONCLUSION

The ALJ sufficiently considered the entirety of Ms. Curtiss's medical records and reached a decision supported by substantial evidence. Accordingly, it is **ORDERED** that:

(1) The Commissioner's decision is **AFFIRMED** and the Clerk of Court

9

is **DIRECTED** to enter final judgment for the Commissioner and close the file.

(2)  Ms. Curtiss's Motion for a Hearing (Doc. 18) is **DENIED.**

**ENTERED** in Tampa, Florida April 16, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

10